IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02721-BNB

MATTHEW A. SMITH,

    Plaintiff,

v.

MIKAYLA J. MAUSER,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Matthew A. Smith, initiated this action by filing *pro se* a Complaint (ECF No. 1). On October 16, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Smith to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On November 15, 2012, Mr. Smith filed a document titled "Amendment to Complaint as Requested by the Court Pursuant to Rule 8" (ECF No. 6).

    The Court must construe the Complaint as amended liberally because Mr. Smith is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Complaint as amended is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the Complaint as amended and the action will be dismissed.

The Court has reviewed the Complaint as amended and finds that Mr. Smith has failed to correct all of the deficiencies identified by Magistrate Judge Boland. As Mr. Smith was advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Magistrate Judge Boland determined that Mr. Smith's Complaint in this action did not comply with the pleading requirements of Rule 8 for two reasons. First, Mr. Smith

failed to provide and short and plain statement of the grounds for the Court's jurisdiction because he failed to identify the statutory authority that allows the Court to consider his claims. Second, Mr. Smith failed to provide a short and plain statement of his claims showing that he is entitled to relief because he failed to identify the specific claims he is asserting and he failed to allege specific facts in support of those claims. Magistrate Judge Boland advised Mr. Smith that, in order to comply with Rule 8, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The only amendment Mr. Smith makes in the "Amendment to Complaint as Requested by the Court Pursuant to Rule 8" is a new section regarding jurisdiction in which he appears to assert federal question jurisdiction over his claims pursuant to 28 U.S.C. § 1331. (*See* ECF No. 6 at 3.) Thus, although Mr. Smith has provided a short and plain statement of the grounds for the Court's jurisdiction, he has made no effort to provide a short and plain statement of the federal claims he supposedly is asserting in this action showing that he is entitled to relief. Instead, the Court is left to consider Mr. Smith's claims as they are set forth in his original Complaint. Mr. Smith describes the background of the case in the Complaint as follows:

> Since September 7, 2011[,] I have been wrongly placed under restraint, denied my personal property, removed from my primary residence, and left unpaid a specific large amount due. All of this due to serious and false allegations by the defendant. On September 7, 2011[,] the defendant filed a petition for temporary restraining order against the plaintiff under the following claims Domestic Abuse, Stalking,

3

>> and Physical Assault, Threat or other situation. It was made
>> permanent despite the best evidence and what was said
>> through testimony. Further, proceedings were and still are
>> underway.

(ECF No. 1 at 2; ECF No. 6 at 3.) The three specific claims for relief Mr. Smith asserts in the Complaint, in their entirety, are the following:

> Claim 1
> Adams County Combined Court Protection Order Case
> #11C1852 & District Court Appeal Case #11CV01506. The
> plaintiffs' claim f[or] relief has come of the mentioned court
> cases and are further supported by factual allegations as
> well as the developed case records.
>
> Claim 2
> Adams County Combined Court District Replevin Case
> #12CV218. The plaintiffs' claim for relief has come of the
> mentioned court cases and are further supported by factual
> allegations as well as the developed case records.
>
> Claim 3
> Adams County Combined Court District Leg[a]l Sep[a]ration
> Case #12DR0696 & District Replevin Case # 12CV638. The
> plaintiffs' claim for relief has come of the mentioned court
> cases and are further supported by factual allegations as
> well as the developed case records.

(ECF No. 1 at 3-5.)

The Court agrees with Magistrate Judge Boland that these claims do not comply with the pleading requirements of Rule 8. Therefore, the action will be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint as amended and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  26th  day of   November  , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court